# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

ALLCO, LLC & ALLCO VIRGIN
ISLANDS, LLC

NO.   2020 CW 0396

VERSUS

APTIM ENVIRONMENTAL &
INFRASTRUCTURE, LLC F/K/A
APTIM ENVIRONMENTAL &
INFRASTRUCTURE, INC. &
JONATHON HUNT

**AUGUST 3, 2020**

In Re:   Aptim Environmental & Infrastructure, LLC & Jonathon Hunt, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 683404.

**BEFORE:   HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The trial court's November 12, 2019 judgment denying the defendants', Aptim Environmental & Infrastructure, LLC and Jonathan Hunt's, dilatory exception of prematurity is reversed. The subcontract agreement between Aptim Environmental & Infrastructure, LLC (hereinafter "Aptim") and the plaintiffs, Allco, LLC & Allco Virgin Islands, LLC (hereinafter "Allco"), contained an arbitration agreement wherein the parties adopted the American Arbitration Association's ("AAA") Construction Industry Arbitration Rules.  Rule R-9 of the AAA's Construction Industry Rules provides in pertinent part that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement."  Accordingly, the trial court erred by addressing Allco's objections to the subject arbitration clause's existence, scope or validity.  See **Fla. Gas Transmission Co., LLC v. Texas Brine Co., LLC,** 2017-0304 (La App. 1st Cir. 12/6/18), 267 So.3d 633, writ denied, 2019-0333 (La. 6/26/19), 275 So.3d 876; see also **Jasper Contractors, Inc. v. E-Claim.com, LLC,** 2011-0978 (La. App 1st Cir. 5/4/12), 94 So.3d 123.  The exception of prematurity filed by the defendants is granted and Allco's claims against the defendants are dismissed without prejudice.

TMH
AHP
WIL

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT